**Slip Op. 99-84**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
_____
                                    :
THOMSON CONSUMER ELECTRONICS, INC., :
                                    :    Court No. 95-03-00277
             Plaintiff,             :
                                    :
        v.                          :
                                    :
THE UNITED STATES,                  :
                                    :
             Defendant.             :
_____ :
```

[Defendant's motion to dismiss granted.]

Dated: August 17, 1999

deKieffer & Horgan (J. Kevin Horgan), Kevin C. Kennedy, Professor, Detroit College of Law at Michigan State University, of counsel, for plaintiff.

David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeanne E. Davidson, Todd M. Hughes and Lara Levinson), Richard McManus, Office of the Chief Counsel, United States Customs Service, of counsel, for defendant.

<u>**OPINION**</u>

**RESTANI, Judge:** The government seeks dismissal for lack of jurisdiction of the action brought by Thomson Consumer Electronics, Inc. ("Thomson") for recovery of Harbor Maintenance Taxes ("HMT") collected pursuant to 26 U.S.C. §§ 4461, 4462 (1994) on Thomson's entries. The entries consisted of electronics products imported into the Customs territory of the United States in 1992 and subsequent years, and liquidated with

HMT included.

Challenges to duties, taxes and other charges on imports within the jurisdiction of the Secretary of the Treasury are made by way of protest of liquidation pursuant to 19 U.S.C. § 1514(c).[1]  Unless such protest is filed, the liquidation is

---

[1]  Under the heading, "Protest against decisions of Customs Service," the statute provides, in relevant part:

**(c) Form, number, and amendment of protest; filing of protest**

(1) A protest of a decision made under subsection (a) of this section shall be filed in writing, or transmitted electronically pursuant to an electronic data interchange system, in accordance with regulations prescribed by the Secretary.  A protest must set forth distinctly and specifically –
     (A) each decision described in subsection (a) of this section as to which protest is made;
     (B) each category of merchandise affected by each decision set forth under paragraph (1);
     (C) the nature of each objection and the reasons therefor; and
     (D) any other matter required by the Secretary by regulation.

* * *

(2) Except as provided in sections 1485(d) and 1557(b) of this title, protests may be filed with respect to merchandise which is the subject of a decision specified in subsection (a) of this section by –
     (A) the importers or consignees shown on the entry papers, or their sureties
     (B) any person paying any charge or exaction;
     (C) any person seeking entry or delivery;
     (D) any person filing a claim for drawback;
     (E) with respect to a determination of origin under section 3332 of this title, any exporter or producer of the merchandise subject to that determination, if the exporter or producer completed and signed a NAFTA
                                              (continued...)

final.  <u>See</u> 19 U.S.C. § 1514(a);[2] <u>United States v. Utex Int'l.,</u>

---

[1](...continued)
    Certificate of Origin covering the merchandise; or
      (F) any authorized agent of any of the persons
    described in clauses (A) through (E).

    (3) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with the Customs Service within ninety days after but not before –
      (A) notice of liquidation or reliquidation, or
      (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

19 U.S.C. § 1514 (1994).

[2]    Under the heading, "Protest against decisions of Customs Service," the statute also provides, in relevant part:

**(a)  Finality of decisions; return of papers**

    Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds and errors), and section 1521 of this title (relating to reliquidations on account of fraud), decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to –
    (1) the appraised value of merchandise;
    (2) the classification and rate and amount of duties chargeable;
    (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
    (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
    (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;
    (6) the refusal to pay a claim for drawback; or
    (7) the refusal to reliquidate an entry under section 1520(c) of this title;
                           (continued...)

Inc., 857 F.2d 1408, 1409-11, 1413-14 (Fed. Cir. 1988) (Customs'
decisions merging into liquidation must be protested to avoid
finality); United States v. Ataka America, Inc., 17 CIT 598, 606,
826 F. Supp. 495, 502 (1993) (same); Halperin Shipping Co., Inc.
v. United States, 14 CIT 438, 442, 742 F. Supp. 1163, 1167 (1990)
(same).

If a valid protest of a liquidation decision is filed and
denied, the court has jurisdiction pursuant to 28 U.S.C.
§ 1581(a) over any action challenging the protest denial.[3]
Thomson's HMT payments on imports were subject to a liquidation
which was not protested.  The liquidation decision is placed
within the jurisdiction of the Secretary of the Treasury pursuant
to 26 U.S.C. § 4462(f)(1), as if the HMT were a customs duty.

---

[2](...continued)
shall be final and conclusive upon all persons (including
the United States and any officer thereof) unless a protest
is filed in accordance with this section, or unless a civil
action contesting the denial of a protest, in whole or in
part, is commenced in the United States Court of
International Trade in accordance with chapter 169 of title
28 within the time prescribed by section 2636 of that title.

19 U.S.C. § 1514.

[3]     Under the heading, "Civil actions against the United
States and agencies and officers thereof," the statute provides,
in relevant part:

(a) The Court of International Trade shall have exclusive
jurisdiction of any civil action commenced to contest the
denial of a protest, in whole or in part, under section 515
of the Tariff Act of 1930.

28 U.S.C. § 1581(a).

Accordingly, the court lacks jurisdiction under 28 U.S.C. § 1581(a).

Thomson, however, alleges jurisdiction under 28 U.S.C. § 1581(i),[4] the court's residual jurisdiction provision.  Section 1581(i) jurisdiction is available only if jurisdiction is not available under any other provision of 28 U.S.C. § 1581, or if relief under such other provision would be "manifestly inadequate."[5]  Miller, 824 F.2d at 963; Cane Sugar Refiners', 683

---

[4]     Under the heading, "Civil actions against the United States and agencies and officers thereof," the statute also provides, in relevant part:

>    (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for –
>         (1) revenue from imports or tonnage;
>         (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>         (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
>         (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

28 U.S.C. § 1581(i).

[5]     Thomson does not argue, and the court does not find, that requiring Thomson to have protested to Customs and been denied before seeking § 1581(a) jurisdiction in this court would have resulted in "manifestly inadequate" relief in any factual or practical sense.  Cf. Miller v. United States, 824 F.2d 961, 964
                                              (continued...)

F.2d 399, 402 n. 5.

Thompson argues that 28 U.S.C. § 1581(a) was never an appropriate vehicle for this constitutional challenge to the viability of HMT on imports, thus 28 U.S.C. § 1581(i) residual jurisdiction applies.  The courts, however, have long recognized that constitutional challenges to liquidation decisions may be made by way of protest and, therefore, 28 U.S.C. § 1581(a) jurisdiction attaches.  See C.J. Tower & Sons v. United States, 34 Cust. Ct. 95, 96, 135 F. Supp. 874, 880 (1955) (protest process provides remedy for allegedly unconstitutional taking resulting from "unreasonable and discriminatory" classification); see also Yoshida Int'l., Inc. v. United States, 73 Cust. Ct. 1, 378 F. Supp. 1155 (1974), rev'd on other grounds, 63 CCPA 15, 526 F.2d 560 (1975); Star-Kist Foods, Inc. v. United States, 47 CCPA 52, 275 F.2d 472 (1959); Marianao Sugar Trading Corp. v. United States, 29 Cust. Ct. 275, 283-86, C.D. 1481 (1952), aff'd, 41 CCPA 236, C.A.D. 557 (1954).

Furthermore, cases plaintiff cites which forgive or deem satisfied exhaustion of administrative remedies when exhaustion is futile, are distinguishable.  They address decision making

---

[5](...continued)
(Fed. Cir. 1987) (finding financial harm and illegal agency action insufficient to establish "manifestly inadequate" relief); United States Cane Sugar Refiners' Assoc'n v. Block, 683 F.2d 399, 402 n. 5 (CCPA 1982) (finding relief "manifestly inadequate" based on immediacy of injury, irreparable harm to industry, and impact on national economy).

outside Customs' § 1514 jurisdiction and/or discretionary exhaustion principles.[6] These cases do not stand for the proposition that applicable statutorily-mandated exhaustion requirements, such as those found in 19 U.S.C. § 1514(a), may be deemed futile.

The only issue remaining is whether United States Shoe Corp. v. United States, 523 U.S. 360, 365-66 (1998) (holding HMT on exports unconstitutional), by finding jurisdiction under 28 U.S.C. § 1581(i) appropriate for constitutional challenges,[7] overruled the C.J. Tower line of cases. U.S. Shoe does not go so far. The Supreme Court in U.S. Shoe held that 28 U.S.C. § 1581(a) jurisdiction was not appropriate because Customs' role in that case was essentially passive. See U.S. Shoe, 523 U.S. at 365. Therefore, at least with regard to exports, the active decision making process triggering the finality provision of 19

---

[6] Such cases relied upon by plaintiff include, in particular, League and Leather Goods Mfrs. of America, Inc. v. United States, 7 CIT 258, 265-66, 588 F.Supp. 1413, 1420 (1984) (19 U.S.C. § 1581(i) jurisdiction over challenge to Presidential Proclamation; special administrative procedure adequately exhausted), and Rhone Poulenc, S.A. v. United States, 7 CIT 133,134-36, 583 F.Supp. 607, 609-11 (1984) (once statutory administrative participation requirement satisfied, discretionary exhaustion principles of 28 U.S.C. § 2637(d) apply to challenge to Commerce antidumping duty determination).

[7] In the same case, United States Shoe Corp. v. United States, 114 F.3d 1564, 1570 (Fed. Cir. 1997), the Court of Appeals found that 28 U.S.C. § 1581(a) was not available because a protestable decision as to exports was lacking. It is distinguishable from this case for the same reasons applicable to the Supreme Court opinion.

U.S.C. § 1514 did not exist.

This is not true of this case in which there was a decision affecting imports. Whether or not it had a choice to make another decision, Customs did make a decision. It liquidated the entries of imported merchandise with HMT included. That decision is final under 19 U.S.C. § 1514(a). Utex, 857 F.2d at 1413-14. The substantial precedent finding that constitutional challenges may be heard under 28 U.S.C. § 1581(a) remains intact, and the court must follow that precedent. Further, nothing in U.S. Shoe undermines the principle that as long as 28 U.S.C. § 1581(a) jurisdiction is available and provides adequate relief, 28 U.S.C. § 1581(i) may not be invoked. Miller, 824 F.2d at 963.

Action dismissed.

_____
Jane A. Restani
JUDGE

Dated:  New York, New York

This 17th day of August, 1999.

# *ERRATA*

Thomson Consumer Electronics, Inc. v. United States,
Court No. 95-03-00277, Slip Op. 99-84, dated August 17, 1999

On p. 1, in the caption, "Court No. 95-03-00277" should be "Court No. "95-03-00277-S"

September 21, 1999