**THOMSON CONSUMER ELECTRONICS, INC.,**
Plaintiff–Appellant,

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–1091.

United States Court of Appeals, Federal Circuit.

April 18, 2001.

J. Kevin Horgan, deKieffer & Horgan, of Washington, DC, argued for plaintiff-appellant. Of counsel on the brief was Kevin C. Kennedy.

Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were David M. Cohen, Director, and Todd M. Hughes, Assistant Director. Of counsel was Lara Levinson, Attorney. Also of counsel was Richard McManus, Office of Chief Counsel, U.S. Customs Service, of Washington, DC.

Before NEWMAN, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Thomson Consumer Electronics ("Thomson") appeals a judgment of the United States Court of International Trade dismissing its complaint for lack of jurisdiction. *Thomson Consumer Elecs. v. United States*, 62 F.Supp.2d 1182 (CIT 1999). Thomson filed a complaint in the Court of International Trade for recovery of the Harbor Maintenance Taxes ("HMT") it paid on electronic products imported in 1992 and subsequent years, invoking the court's jurisdiction under 28 U.S.C.

§ 1581(i) (1994). In that complaint, Thomson alleged that the HMT as applied to imports violates the United States Constitution's Port Preference and Uniformity Clauses. Thomson also contended that the HMT statute applicable to both exports and imports is not severable, and thus the HMT is not valid because the Supreme Court in *United States v. United States Shoe Corp.*, 523 U.S. 360, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998), held that the HMT, as applied to exports, violates the Export Clause of the United States Constitution.*

Rather than decide the constitutionality of the HMT as applied to imports, the Court of International Trade dismissed the case for lack of jurisdiction. *Thomson,* 62 F.Supp.2d at 1185. The court held that 28 U.S.C. § 1581(a) (1994), not the residual jurisdictional provision of 28 U.S.C. § 1581(i), is the proper basis of jurisdiction for Thomson's constitutional challenge to the application of the HMT on imports. *Id.* at 1183. The court noted that Thomson's imports were subject to liquidation, and that the HMT payments were duties on those imports. *Id.* at 1183. Moreover, the court noted that challenges to duties must be made by filing a protest of the liquidation with United States Customs Service ("Customs") or else the liquidation is final. *Id.* (citing to 19 U.S.C. § 1514(c) (1994)). The court then noted that if a valid protest of a liquidation decision is filed and denied, it has jurisdiction under 28 U.S.C. § 1581(a) challenging the protest denial. *Id.* at 1184. Thus, the court held that jurisdiction to hear Thomson's claim that the HMT as applied to imports violates the Constitution lay under 28 U.S.C. § 1581(a), after a valid protest of a liquidation decision is filed with Customs and

denied by it. *Id.* In view of the fact that Thomson had not filed a protest on the liquidation of its imports, the court determined that it lacked jurisdiction under 28 U.S.C. § 1581(a). *Id.* at 1184. Moreover, the court held that because 28 U.S.C. § 1581(a) jurisdiction was available and provided adequate relief, it could not exercise jurisdiction under the residual jurisdictional provision, 28 U.S.C. § 1581(i). *Id.* at 1185. Thomson timely appealed to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(5) (1994).

We conclude that Customs has no authority to render a decision regarding the constitutionality of the HMT as applied to imports. Customs merely passively assesses and collects HMT payments, whether for imports or exports, required by 26 U.S.C. § 4462 (1994). Thus, filing a protest of the collection of the HMT payments with Customs to challenge the constitutionality of the HMT as applied to imports would be an utter futility. Consequently, Thomson was not required to protest the liquidation decision by Customs before challenging the constitutionality of the HMT as applied to imports before the Court of International Trade. Therefore, the judgment of the Court of International Trade dismissing Thomson's claim is reversed. We do not, however, reach the issue of whether the HMT as applied to imports is a violation of the Constitution as the merits of that claim must be addressed in the first instance by the Court of International Trade.

## BACKGROUND

The Harbor Maintenance Tax, 26 U.S.C. § 4461, was enacted in 1986 as a means of

---

* Although this court has rejected the argument that the export provision of the HMT is not severable, *see Carnival Cruise Lines, Inc. v. United States,* 200 F.3d 1361, 1368–69 (Fed. Cir.2000), it has not yet ruled on the constitutionality of the HMT as applied to imports. *See Amoco Oil Co. v. United States,* 234 F.3d 1374, 1377–78 (Fed.Cir.2000).

funding maintenance of the nation's ports. The tax was enacted as part of the Water Resources Development Act and operates by imposing a fee on commercial vessels using certain ports. The HMT is an ad valorem tax collected by Customs and deposited in the Harbor Maintenance Trust Fund. In the case of imported cargo, it is calculated as a percentage of the value of the cargo and is imposed on importers at the time of unloading shipments. 26 U.S.C. §§ 4461, 4462 (1994 & Supp. V 1999).

## DISCUSSION

■ The only issue before the court in this appeal relates to the jurisdiction of the Court of International Trade, which is an issue of law that we review de novo. *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed.Cir.1997).

"Each section 1581 subsection delineates particular laws over which the Court of International Trade may assert jurisdiction." *Nat'l Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1555 (Fed.Cir.1988). The Court of International Trade held, and the government contends, that 28 U.S.C. § 1581(a) is the appropriate basis for jurisdiction in that court of Thomson's challenge of the HMT as applied to imports, and that Thomson cannot avail itself of the Court of International Trade's residual jurisdiction, i.e., 28 U.S.C. § 1581(i). However, the Court of International Trade also held, and the government also contends, that because Thomson did not protest Customs' liquidation decision pursuant to 19 U.S.C. § 1514(a) (1994), that court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1581(a) because such a protest is a prerequisite to jurisdiction under this subsection.

Thomson sets forth three arguments as to why the Court of International Trade has jurisdiction over its constitutional claims under the court's residual jurisdictional provision, 28 U.S.C. § 1581(i). The first argument is that jurisdiction under 28 U.S.C. § 1581(a) was not an appropriate vehicle for Thomson's constitutional challenge of the HMT as applied to imports, and the only appropriate jurisdictional provision for this constitutional challenge was 28 U.S.C. § 1581(i). Thomson contends that filing a protest with Customs, a prerequisite to a judicial challenge of a Customs' decision under 28 U.S.C. § 1581(a), would have been a futile action since collection of the HMT is a purely ministerial task over which Customs exercises no discretion, even in the face of a charge that the HMT as applied to imports is a violation of the Port Preference and Uniformity Clauses of the Constitution of the United States. As will be explained below, we agree with Thomson that filing a protest would have been futile in this case, and therefore, was not required. Thus, we do not address Thomson's remaining arguments.

28 U.S.C. § 1581(a) provides that the Court of International Trade has exclusive jurisdiction in "any civil action commenced to contest the [Customs Service's] denial of a protest." Section 1514(a) of title 19 of the United States Code provides, *inter alia*, that decisions of Customs as to: (1) the amount of duties owed, or (2) a charge or exaction within the jurisdiction of the Secretary of the Treasury, are final decisions by Customs unless a protest is filed in accordance with the provisions of other sections of 19 U.S.C. § 1514. *See Nat'l Corn*, 840 F.2d at 1553.

28 U.S.C. § 1581(i) provides:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have

exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section. . . .

Section 1581(i) is known as the residual jurisdiction provision of the Court of International Trade. It is well-established that this residual jurisdictional provision is only available when no other provision of 28 U.S.C. § 1581 is available or when the remedy under any other subsection would be manifestly inadequate. *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed.Cir. 1987). In view of the foregoing, the question that we must resolve is whether or not it was necessary for Thomson to protest, under 19 U.S.C. § 1514(a), the liquidation decision of Customs regarding the electronic products Thomson imported in 1992 and subsequent years in order to challenge the constitutionality of the HMT as applied to imports. If such a protest was unnecessary, then jurisdiction in the Court of International Trade would not lay under 28 U.S.C. § 1581(a), which only provides jurisdiction over a denial of a protest. However, resort would then be available to Thomson under the Court of International Trade's residual jurisdiction, i.e., 28 U.S.C. § 1581(i).

■ Filing a protest of a Customs decision as to: (1) the amount of duties owed, or (2) a charge or exaction within the jurisdiction of the Secretary of the Treasury is the first step toward exhaustion of administrative remedies. *United States Cane Sugar Refiners' Ass'n v. Block,* 544 F.Supp. 883, 887 (CIT), *aff'd,* 69 C.C.P.A. 172, 683 F.2d 399 (1982); *Wear Me Apparel Corp. v. United States,* 511 F.Supp. 814, 817 (CIT 1981); *see also Nat'l Corn,* 840 F.2d at 1555. Exhaustion requirements ensure that an agency and the interested parties fully develop the facts to aid judicial review. *McKart v. United States,* 395 U.S. 185, 194, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). "Judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise its discretion or apply its expertise." *Id.*

Other justifications for requiring exhaustion have to do with practical notions of judicial efficiency and notions of administrative autonomy. *Id.* at 194–95, 89 S.Ct. 1657. The courts may never have to intervene if the complaining party is successful in vindicating his rights in the pursuit of his administrative remedies. *Id.* In addition, the agency must be given a chance to discover and correct its own errors. *Id.* Finally, it is possible that by allowing frequent and deliberate evasion of administrative processes the effectiveness of an agency could be weakened by encouraging people to ignore its procedures. *Id.* at 195, 89 S.Ct. 1657.

Thomson's complaint is not about the valuation of the merchandise upon which the HMT was assessed, nor is it a challenge of the HMT regulations promulgated by Customs pursuant to 26 U.S.C. § 4462(i) (1994). Thomson's only complaint is a constitutional challenge to the assessment and collection of the HMT as applied to imports. Thomson alleges that

the HMT as applied to imports is invalid because: (1) that facet of the HMT is nonseverable from the export facet; (2) the HMT lacks geographic uniformity and, therefore, violates the Uniformity Clause of the Constitution; and (3) the HMT is an impermissible port preference and, therefore, violates the Port Preference Clause of the Constitution.

It is unsuitable to apply the exhaustion doctrine in the circumstances of the present case. There are no facts that Customs could have developed regarding whether or not the HMT was constitutional, nor did it have discretion in applying the HMT to Thomson's imports. Moreover, judicial efficiency, administrative autonomy, and the weakening of Customs as an agency are not implicated by this case. Thus, we are not faced here with a premature resort to the courts.

■ Filing a protest in this case would have been an utter futility. The Supreme Court acknowledged as much in *United States Shoe* when it noted that protests of the HMT as applied to exports are not pivotal because Customs does not undertake any analysis or adjudication, issues no directives, and imposes no liabilities. *United States Shoe Corp.*, 523 U.S. at 365, 118 S.Ct. 1290. Customs is powerless to perform any active role in the determination of the constitutionality of the assessment since it cannot rule on the validity of an Act of Congress. *Id.* Thus, requiring Thomson to exhaust its administrative remedies by filing a protest would be an insistence of a useless formality and inequitable. *See United States Cane Sugar*, 544 F.Supp. at 887 (holding that because Customs officials could not override a presidential proclamation requiring exclusion from entry into the United States of any sugar in excess of a specified quota, and because those same officials could not rule on the validity of that presidential

proclamation, plaintiff was not required to obtain a protestable decision and thus, section 1581(i) jurisdiction could be invoked). Exhaustion of administrative remedies, such as protesting a liquidation decision, is unnecessary in those circumstances where equity so requires. *See McCarthy v. Madigan*, 503 U.S. 140, 147–148, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) (noting that interests of the individual weigh heavily against requiring administrative exhaustion where an agency lacks institutional competence to resolve the particular type of issue presented, such as the constitutionality of a statute.)

■ We hold, today, that it makes no difference whether the constitutional challenge of the HMT is made to the assessment of the HMT as applied to imports or exports, since in either case all that Customs is authorized to do is collect the tax. In either case, Customs has no authority to make any decision regarding the constitutionality of the HMT; it cannot do anything other than simply passively assess the HMT and collect it. *United States Shoe Corp.*, 523 U.S. at 365, 118 S.Ct. 1290. In other words, the Supreme Court's decision in *United States Shoe* regarding the Court of International Trade's jurisdiction over the constitutional challenge to the HMT as applied to exports is dispositive regarding that court's jurisdiction over the constitutional challenge to the HMT as applied to imports. *Id.* at 365–66, 118 S.Ct. 1290.

Thus, Thomson was not required to file a protest of the liquidation decision by Customs in order to challenge only the constitutionality of the HMT as applied to its imports in the Court of International Trade. Consequently, Thomson can avail itself of the residual jurisdiction provision of the Court of International Trade, i.e., 28 U.S.C. § 1581(i), to challenge the constitutionality of the HMT as applied to imports.

Our decision in *National Corn* does not require a different result. In that case, National Corn challenged Customs' policy of exempting payment of duties on certain ethanol blends that National Corn thought would be dutiable pursuant to the Tariff Schedule of the United States ("TSUS") enacted by Congress in 1983. *Nat'l Corn*, 840 F.2d at 1549. Thus, even though National Corn asserted a constitutional challenge, i.e., that Customs was acting in excess of its statutory authority when it failed to collect duties on the entry of certain ethanol blends, the underlying basis for the challenge was really a challenge to an administrative "judgment call" by Customs as to why certain ethanol blends did not fall within TSUS. That "judgment call" by Customs warranted further factual development within the agency. *Id.* at 1556–57.

### CONCLUSION

Thomson was not required to file a protest of the HMT applied to its imports from 1992 and subsequent years to challenge the constitutionality of the HMT as applied to those imports. Therefore, we hold that jurisdiction over Thomson's claim in the Court of International Trade is proper under 28 U.S.C. § 1581(i). Accordingly, we reverse and remand this case to the Court of International Trade for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*

