**Slip Op. 02-143**

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____  :
                                                           :
DRUSCO, INC.,                                   :
                                                           :
                 Plaintiff,                             :
                                                           :
         v.                                             :          Court No. 95-02-00208
                                                           :
UNITED STATES,                                :
                                                           :
                 Defendant.                          :
                                                           :
_____  :


[Disgorgement of investment income claim based on improper collection of Harbor Maintenance Tax dismissed.]


                                                        Dated:  December 6, 2002

         Peter S. Herrick for plaintiff.

         Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeanne E. Davidson and Paul G. Freeborne) for defendant.



                                               **OPINION**

**RESTANI,  Judge:**

         This matter is before the court on defendant's USCIT Rule 12(b)(5) motion to dismiss.

Plaintiff entered into a consent judgment which finally settled all of its claims based on the

unconstitutional imposition on its exports of the Harbor Maintenance Taxes ("HMT") in the

amount of $299,250.46 under 26 U.S.C. § 4461 (1994).  Having waived all of its claims based on

the covered quarterly payments in exchange for a specific refund and having consented to judgment, it is bound, just as the plaintiffs were in Hohenburg Bros. Co. v. United States, 301 F. 3d 1299 (Fed. Cir. 2002).  See Drusco's consent judgment at ¶ 9.[1]

Pursuant to the consent judgment, Drusco is to receive interest on the $299,250.46 if "International Business Machine Corp. v. United States, No. 94-10-00625, finally resolve[s] that interest is owing on HMT payments."  Drusco's consent judgment at ¶ 6.  To date, that case has not resulted in a ruling in favor of interest.  See International Business Machines Corp. v. United States, 201 F.3d 1367,1375 (Fed. Cir. 2000) (finding no statutory right to interest), cert. denied 531 U.S. 1183 (2001), and International Business Machines Corp. v. United States, Slip Op. 02-17, No. 94-10-00625 (Ct. Int'l Trade February 21, 2002) (final order finding no interest owing on either statutory or constitutional grounds), appeal docketed, No. 02-1356 (Fed. Cir. April 29, 2002).  If that case ever results in an award of interest, Drusco will receive interest.  There is nothing left of these HMT claims to be litigated.

---

[1]  Paragraph 9 of the consent judgment provides:

Upon entry of judgment, plaintiff releases, waives, and abandons all claims against the defendant, its officers, agents, and assigns, arising out of all HMT export payments for the non-severed quarters identified in the attached Harbor Maintenance Tax Payment Report, including, but not limited to, all claims for costs, attorney fees, expenses, compensatory damages, and exemplary damages.  Defendant releases, waive[s], and abandons all claims, other than fraud, that it may have against plaintiff, or its officers, agents, or employees arising out of all HMT export payments for the non-severed quarters identified in the attached Harbor Maintenance Tax Report.

Id. (emphasis added).

As Drusco may not litigate any claim related to the $299,250.46 in HMT payments it made, its claim for disgorgement of investment income the United States earned on its HMT payments may no longer be litigated.

This action shall be dismissed.


_____
                        Jane A. Restani
                        JUDGE


Dated: New York, New York.

This 6th day of December, 2002.