**ARBON STEEL & SERVICE CO., INC., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–1299.**

United States Court of Appeals, Federal Circuit.

Jan. 10, 2003.

John J. Galvin, Galvin & Mlawski, of New York, NY, argued for plaintiff-appellant. Of counsel was Jack D. Mlawski.

Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen; and Jeffrey A. Belkin, Trial Attorney. Of counsel on the brief was Richard McManus, Senior Attorney, Office of the Chief Counsel, United States Customs Service, of Washington, DC.

Before MAYER, Chief Judge, SCHALL and LINN, Circuit Judges.

MAYER, Chief Judge.

Arbon Steel & Service Company, Inc. ("Arbon Steel") appeals the judgment of the United States Court of International Trade denying prejudgment interest on fees paid under the export provision of the Harbor Maintenance Tax. *Swisher Int'l, Inc. v. United States,* 178 F.Supp.2d 1354 (Ct. Int'l Trade 2001). Because interest is not available under 28 U.S.C. § 2411 or the Constitution, we affirm.

*Background*

The Harbor Maintenance Tax was enacted by Congress as part of the Water Resources Development Act of 1986. 26 U.S.C. §§ 4461–4462 (2000). It levied a 0.125 percent *ad valorem* tax on commercial cargo for any port use. *Id.* § 4461(b). In 1995, the Court of International Trade decided that the tax imposed on exports was unconstitutional because it violated the Export Clause's mandate that "[n]o Tax or Duty shall be laid on Articles exported from any State." U.S. Const. art. I, § 9, cl. 5; *United States Shoe Corp. v. United States,* 907 F.Supp. 408 (Ct. Int'l Trade 1995). On appeal, this court agreed that the tax was unconstitutional, *United States Shoe Corp. v. United States,* 114 F.3d 1564 (Fed.Cir.1997), and the Supreme Court affirmed, stating that the tax "is not a fair approximation of services, facilities, or benefits furnished to exporters, and therefore does not qualify as a permissible user fee," *United States v. United States Shoe Corp.,* 523 U.S. 360, 363, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998). Arbon Steel recovered the $24,357.56 in fees it had paid with respect to exports under the statute. *Arbon Steel & Serv. Co. v. United States,* No. 98–10–02987, 2002 WL 100627 (Ct. Int'l Trade Jan. 24, 2002).

The question of whether the parties that recovered the unconstitutional fees are entitled to prejudgment interest was then

tried. In *International Business Machines Corp. v. United States*, 201 F.3d 1367 (Fed.Cir.2000), we decided that no statutory interest was available under tax statute, 28 U.S.C. § 2411, or customs statutes, 28 U.S.C. § 2644 or 19 U.S.C. § 1505(c). In *United States Shoe Corp. v. United States*, 296 F.3d 1378 (Fed.Cir. 2002), we held that the Constitution does not mandate the payment of interest because neither the imposition of the tax nor the government's alleged retention of earned interest constituted a Fifth Amendment taking; the Export Clause does not require the payment of interest; and the tax was not so arbitrary as to violate the Due Process Clause of the Fifth Amendment. We also reasoned that under the "no-interest rule" articulated in *Library of Congress v. Shaw*, 478 U.S. 310, 311, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986), equitable, judge-fashioned remedies are unavailable in the absence of clear direction from Congress. *United States Shoe*, 296 F.3d at 1386.

Arbon Steel argued to the Court of International Trade that it was due interest under 19 U.S.C. § 1505(b), various constitutional theories, and a common law entitlement to interest on tax refunds. The court denied interest and Arbon Steel filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

### Discussion

■ We review statutory interpretation by the Court of International Trade without deference. *Saarstahl AG v. United States*, 78 F.3d 1539, 1542 (Fed.Cir. 1996). Constitutional interpretation is also a question of law, which we review *de novo*. *Florida Sugar Mktg. & Terminal Assoc., Inc. v. United States*, 220 F.3d 1331, 1333 (Fed.Cir.2000).

Arbon Steel argues that interest is due under 28 U.S.C. § 2411 because it embodies the common law rule that interest is

always recoverable against the government for an overpayment of internal-revenue tax in the absence of a statutory waiver of sovereign immunity. The Supreme Court, however, has determined that section 2411 does not codify such a rule, but itself serves as a waiver of immunity. *Shaw*, 478 U.S. at 319, 106 S.Ct. 2957 ("When Congress has intended to waive the United States' immunity with respect to interest, it has done so expressly ... *See, e.g.*, 28 U.S.C. § 2411 (expressly authorizing prejudgment and postjudgment interest payable by the United States in tax-refund cases).").

■ Arbon Steel also says that section 2411 applies because the Harbor Maintenance Tax is an internal-revenue tax. Although labeled a "tax," the Harbor Maintenance Tax statute requires that "[e]xcept to the extent otherwise provided in regulations, all administrative and enforcement provisions of customs laws and regulations shall apply in respect of the tax ... as if such tax were a customs duty." 26 U.S.C. § 4462(f)(1) (2000). We interpreted "administration and enforcement" to encompass the collection of the tax and the issuance of refunds, and concluded that these functions were to be governed by customs laws. *Int'l Bus. Machs.*, 201 F.3d at 1372. Therefore, because it relates to internal-revenue taxes, section 2411 does not apply here. *Id.* at 1373. Arbon Steel responds that *International Business Machines* was wrongly decided, but we are bound by it. *See Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed.Cir.1988).

■ Arbon Steel next argues that the denial of prejudgment interest under section 2411 constitutes a deprivation of property without due process because any unconstitutional tax is arbitrary and capricious per se. However, the tax was not so arbitrary as to rise to a violation of due process because it served the rational pur-

pose of maintaining the ports. *United States Shoe*, 296 F.3d at 1384. And the retention of interest is not a violation of the Due Process Clause either because the interest accrued on the payment of the tax was not Arbon Steel's property of which it could be deprived. *Id.* ("The tax revenue here ... became the property of the Treasury upon payment, and was appropriated to the Harbor Maintenance Trust Fund ... Accordingly, the interest earned on the tax payments is also the property of the government.").

*Conclusion*

Accordingly, the judgment of the Court of International Trade is affirmed.

*AFFIRMED*