## INTERNATIONAL BUSINESS MACHINES CORPORATION, Plaintiff–Appellant,

v.

## UNITED STATES, Defendant–Appellee.

No. 02–1356.

United States Court of Appeals, Federal Circuit.

DECIDED: March 19, 2003.

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

DYK, Circuit Judge.

International Business Machines ("IBM") appeals the Court of International Trade's decision holding that it is not entitled to interest on the Harbor Maintenance Tax on exports ("HMT") it paid. *Int'l Bus. Machs. Corp. v. United States*, No. 94–10–00625, slip op. at 3, 2002 WL 253951 (Ct. It'l Trade Feb. 21, 2002) (*"Final Order"*). We *affirm*.

## BACKGROUND

On October 24, 1994, IBM filed a complaint in the Court of International Trade for a refund of the HMT it had paid up to that point. Another HMT payer, United States Shoe Corporation, filed a substantively identical complaint in the Court of International Trade on November 23, 1994, and its suit was designated as a test case, while other suits, including IBM's, were stayed. The Court of International Trade held that the HMT violated the Export Clause and awarded interest on the judgment. *United States Shoe Corp. v. United States*, 924 F.Supp. 1191, 19 Ct. Int'l Trade 1413 (1995). The government appealed to this court solely on the constitutionality of the HMT, not on the entitlement to interest. This court affirmed. *United States Shoe Corp. v. United States*, 114 F.3d

1564, 1577 (Fed.Cir.1997). The Supreme Court subsequently agreed that the HMT violated the Export Clause. *United States v. United States Shoe Corp.*, 523 U.S. 360, 370, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998).

The government then sought a test case for the Court of International Trade to determine whether interest was due on such judgment for refund of the HMT. IBM's suit was chosen. The Court of International Trade held IBM was entitled to recover interest on the refund of the HMT pursuant to a tax statute, 28 U.S.C. § 2411. *Int'l Bus. Machs. Corp. v. United States*, 22 CI.T. 519, 1998 WL 325156 (1998). The court did not specifically address whether IBM was entitled to interest pursuant to the Takings Clause of the Fifth Amendment or under equitable restitution. The government appealed to this court, and we reversed, holding that 28 U.S.C. § 2411 was not applicable because the HMT was an excise duty rather than a tax. *Int'l Bus. Machs. Corp. v. United States*, 201 F.3d 1367, 1374 (Fed.Cir.2000). At the end of the opinion, the ordering clause stated that "[t]he judgment of the Court of International Trade must be, and is, *REVERSED.*" *Id.* IBM petitioned for panel rehearing and rehearing en banc, *inter alia*, on the ground that IBM was entitled to interest under the Takings Clause of the Fifth Amendment. The petition was denied on May 31, 2000. *Int'l Bus. Machs. Corp. v. United States*, No. 98–1590 (Fed.Cir. May 31, 2000) (Order denying rehearing and rehearing en banc).

On June 6, 2000, IBM moved to amend the opinion and judgment (1) to state that this court had not reversed the portion of the Court of International Trade's judgment awarding the refund of the HMT, only the portion awarding interest on the refund, and (2) to vacate and remand the case to the Court of International Trade.

On June 9, 2000, the panel issued an Errata Sheet which contained the following amendment of its judgment:

At page 14, under CONCLUSION, replace "The judgment of the Court of International Trade" with—The portion of the judgment of the Court of International Trade ordering interest pursuant to 28 U.S.C. § 2411 as owing on the principal amount adjudged—.

On June 12, 2000, we denied IBM's motion to amend the opinion and judgment. The Supreme Court denied certiorari. *Int'l Bus. Machs. Corp. v. United States*, 531 U.S. 1183, 121 S.Ct. 1167, 148 L.Ed.2d 1025 (2001).

IBM returned to the Court of International Trade, asserting a claim to interest under the Takings Clause or equitable restitution and moving for summary judgment on its interest claim. The Court of International Trade denied the motion, stating: "The Court of Appeals did not remand this matter for the court to consider constitutional issues after plaintiff's [sic] sought reconsideration in the appellate court on such grounds. The appellate court simply reversed the interest award aspect of the judgment." *Final Order* at *2. "[I]t is up to [the Court of Appeals] to recall the mandate in this matter, if possible. This court may not amend the judgment of the appellate court." *Id.* at *3.

IBM timely appealed to this court. After both IBM and the government had filed their initial briefs, we decided two cases involving HMT payers' entitlement to interest: *United States Shoe Corp. v. United States*, 296 F.3d 1378 (Fed.Cir. 2002); and *Hohenberg Bros. Co., A.C. v. United States*, 301 F.3d 1299 (Fed.Cir. 2002). *United States Shoe* held that the HMT was not a taking, so that interest was not due, 296 F.3d at 1383, and that the equitable doctrine of restitution did not apply, *id.* at 1386. *Hohenberg* applied the

rule from *United States Shoe* and denied interest to other HMT payers. 301 F.3d at 1306.

In its reply brief in this case, IBM acknowledged that these cases made "IBM's initial request for further proceedings before the [Court of International Trade] ... moot" because "the panel considering the instant appeal will be obligated to follow the ... decisions to deny IBM's constitutional and equitable claims for interest." (Appellant's Reply Br. at 4.) It thus asked only that we "vacate the [Court of International Trade]'s Final Order in this case" to clear the way for its petition for certiorari. *Id.*

We then asked the parties for additional submissions. Letter to Counsel dated Jan. 24, 2003. We noted that "[t]his case appears to be resolved by" *United States Shoe* and *Hohenberg*, as well as *Arbon Steel Serv. Co., Inc. v. United States*, 315 F.3d 1332 (Fed.Cir.2003), which also applied the rule from *United States Shoe, id.* at 1334–35, so that "the court need not reach the question whether consideration of the merits is foreclosed by this court's earlier decision." *Id.* We therefore asked the parties to provide additional submissions addressing "whether there are any issues in this case that are not resolved by the aforementioned decisions." *Id.* In its response, IBM admitted that "the panel will be bound to the substantive precedent established in *United States Shoe Corp.*" Letter from Counsel dated Jan. 29, 2003. However, IBM continued to urge that we "vacate the February 21, 2002, order of the United States Court of International Trade" so that "the record will be absolutely clear that there are no impediments

to IBM's filing of a petition for a writ of *certiorari." Id.* at 1–2. In its response, the government also "agree[d] that these decisions foreclose consideration of the substantive issues raised in this appeal." Letter from Dep't of Justice dated Jan. 29, 2003. However, the government opposed vacating the Court of International Trade's judgment because the Court of International Trade "committed [no] procedural error." *Id.* at 2.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(5).

## DISCUSSION

Both parties agree that our decisions in *United States Shoe, Hohenberg,* and *Arbon Steel* resolve the underlying issues adversely to IBM, although the plaintiffs in *United States Shoe* and *Hohenberg* have petitioned for certiorari to the Supreme Court. *Hohenberg, petition for cert. filed,* (U.S. Feb. 27, 2003) (No. 02–1286); *United States Shoe, petition for cert. filed,* 71 U.S.L.W. 3567 (U.S. Feb. 19, 2003) (No. 02–1221). IBM nonetheless urges us to decide a procedural issue: whether this court's mandate in *International Business Machines Corp. v. United States,* 201 F.3d 1367 (Fed.Cir.2000), foreclosed consideration of the merits of IBM's constitutional and equitable claims, as the Court of International Trade held here.

We decline IBM's invitation to issue an advisory opinion on this question.[1] We are bound by our earlier decisions holding that there is no constitutional or equitable entitlement to interest on HMT payments. Therefore, we need not and do not decide

---

1. Determination of the scope of our mandate is not a jurisdictional issue. As we noted in *Exxon Chemical Patents v. Lubrizol Corp.,* 137 F.3d 1475 (Fed.Cir.1998), "every appellate court judgment vests jurisdiction in the district court to carry out some further proceedings." *Id.* at 1483.

whether the constitutional and equitable theories of recovery were open on the remand.

## CONCLUSION

For the foregoing reasons, we affirm.

COSTS

No costs.