**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2367**

YOLANDA BELL,

              Plaintiff - Appellant,

     v.

DEPARTMENT OF DEFENSE,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:14-cv-00470-TSE-IDD)

Submitted: August 25, 2016        Decided: August 29, 2016

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Yolanda Bell, Appellant Pro Se. Dennis Carl Barghaan, Jr., Assistant United States Attorney, Michael Anthony Rizzotti, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yolanda Bell appeals the district court's order denying her Fed. R. Civ. P. 60(b)(2) motion to set aside the judgment against her and the order denying her motion for reconsideration. As to the Rule 60(b) order, we have reviewed the record and find no reversible error. Accordingly, we affirm the denial of Rule 60(b) relief for the reasons stated by the district court. Bell v. Dep't of Def., No. 1:14-cv-00470-TSE-IDD (E.D. Va. Sept. 4, 2015).

As to the order denying Bell's motion for reconsideration, we dismiss the appeal of that order for lack of jurisdiction. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). In a civil action in which a United States agency is a party, parties have 60 days after entry of the district court's order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless a party obtains an extension or reopening of the appeal period, Fed. R. App. P. 4(a)(5), (a)(6). "[A] bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest," even for appellants proceeding pro se. Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989) (internal quotation marks omitted). Here, the order denying reconsideration was entered on October 9, 2015, but Bell did not file her notice of appeal

2

of that order until December 9, 2015—61 days after entry—and she has not sought an extension or reopening of the appeal period.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

3