**Slip Op. 05-133**

## UNITED STATES COURT OF INTERNATIONAL TRADE

—————————————————————
                                            :
NUFARM AMERICA'S, INC.,                      :
                                            :
                        Plaintiff,           :     **PUBLIC VERSION**
                                            :
                                            :
                                            :
                v.                           :
                                            :     **Before:          Wallach, Judge**
UNITED STATES,                               :     **Consol. Court No.:   02-00162**
                                            :
                        Defendant.           :
                                            :
—————————————————————

[Plaintiff's Motion for Class Certification is DENIED, Defendant's Motion to Dismiss is GRANTED.]

                                            Decided: October 5, 2005


### OPINION


**WALLACH, JUDGE:**

Joel R. Junker, Joel R. Junker & Associates; David J. Shaffer, Ronald A. Schmidt, Garvey Schubert Barer, for Plaintiff NuFarm America's, Inc.;

Robert D. McCallum, Jr., Assistant Attorney General, Barbara S. Williams, Acting Attorney in Charge, International Trade Field Office, Civil Division, Department of Justice, Commercial Litigation Branch; Beth C. Brotman, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, for Defendant United States.

## I
## INTRODUCTION

The Plaintiff in this case, Nufarm America's Inc. ("Nufarm") seeks to create a class of

plaintiffs to join in challenging a duty deferral program administered by the United States Bureau of Customs and Border Protection ("Customs"). The plaintiff class would comprise all individuals or entities who paid duties pursuant to 19 C.F.R. § 181.53 (2000) (duty-deferral programs) at any time during the period within applicable statutes of limitations, and all individuals or entities who would be subject to such duties in the future. Defendant moves pursuant to USCIT Rule 12(b)(1) and (5) to dismiss those paragraphs of Plaintiff's Consolidated Complaint which claim jurisdiction pursuant 28 U.S.C. § 1581(i) (2000). See Plaintiff NuFarm America's Inc. Motion for Class Certification ("Plaintiff's Motion"); see also Defendant's Motion to Dismiss Paragraphs 3, 24, and 25 of Plaintiff's Consolidated Complaint ("Defendant's Motion"). Plaintiff's failure to satisfy jurisdictional and numerocity requirements mandates that its Motion for Class Certification be denied, and Defendant's Partial Motion to Dismiss be granted.

## II
## BACKGROUND

NuFarm is a supplier of agricultural chemicals. NuFarm imported certain base chemicals under the HTS Subheading 9813.00.05 as "articles to be processed into articles manufactured or produced in the United States." HTSUS 9813.00.05. NuFarm imported the merchandise under bond as part of a duty deferral program. The imported merchandise was shipped to Montana for processing into new products that were subsequently shipped for sale in Canada. Following export to Canada, Plaintiff filed the subject consumption entry pursuant to 19 C.F.R. § 181.53, and paid the required duty.

NuFarm, after paying the assessed duties, fees and other charges pursuant to 19 C.F.R.

2

§ 181.53, filed timely protests claiming that § 181.53 is unconstitutional. These protests were denied. It subsequently filed the instant action to recover those sums and challenge the protest denial claiming jurisdiction under 28 U.S.C. § 1581(a) (2000) and challenging the constitutionality of the regulation under 28 U.S.C. § 1581(i). Plaintiff's Motion at 4 (citing Thomson Consumer Electronics, Inc. v. United States, 247 F.3d 1210 (Fed. Cir. 2001)), as controlling authority for claiming concurrent jurisdiction under both §§ 1581(a) and 1581(i)).

Plaintiff filed its original Complaint on February 13, 2002, challenging the imposition of duties on merchandise originally imported under certain duty deferral programs which were subsequently exported to Canada or Mexico. Plaintiff claims that these duties violate the Export Clause of the United States Constitution, Art. I. § 9, U.S. Const. ("Export Clause"). Plaintiff amended its Complaint alleging a class action as to all duty deferral programs under 19 C.F.R. § 181.53. Plaintiff now seeks class certification under United States Court of International Trade Rule 23(a), 23(b)(2) and (3).[1]

As discussed below, the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a) (2000).

### III
### JURISDICTION

Plaintiff originally brought its Complaint under 28 U.S.C. § 1581(a), its protests having

---

[1] USCIT Rule 23 is essentially identical to FRE 23 in that Rule 23(a) requires 1-numerocity, 2- commonality, 3- typicality, and 4-adequacy of representation, 23(b)(2) requires that the party opposing the class has acted on grounds generally applicable to the class, justifying injunctive and declaratory relief, and 23(b)(3) requires that questions of law or fact common to the class predominate and that a class action device is superior to other available methods of fair and efficient adjudication of the controversy.

been denied by U.S. Customs and Border Protection Agency ("Customs").[2] Plaintiff later filed an Amended Complaint claiming jurisdiction under 28 U.S.C. § 1581(i), covering residual jurisdiction. Jurisdiction pursuant to § 1581(a) is limited to those entries which have satisfied all of the statutory requirements under Title 19 U.S.C. § 1514; that they were validly protested, those protests were denied and the duties paid. See Koike Aronson, Inc. v. United States, 165 F.3d 906, 908-09 (Fed. Cir. 1999). Section 1581(i) grants exclusive jurisdiction to the Court of International Trade ("CIT") over any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for, *inter alia*, tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue. See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987); see also Thomson, 247 F.3d at 1214. However, in order to invoke § 1581(i) jurisdiction, the party must establish that the case directly relates to the proper administration and enforcement of an international trade law, and either no other basis for jurisdiction is available, or the basis that is available cannot yield an adequate remedy. See Miller, at 963.

The jurisdictional issue which the court must decide is whether relief under the other sections of 28 U.S.C. § 1581 would be inadequate, and therefore a basis for (i) jurisdiction exists. As discussed in detail below, due to the relief the Plaintiff is seeking, jurisdiction is not properly conferred by section 1581(i).

---

[2] Effective March 1, 2003, the United States Customs Service was renamed the United States Bureau of Customs and Border Protection. Homeland Security Act of 2002, Pub. L. 107-296, Sec 1502, 116 Stat. 2135, 2308-2309 (2002).

## IV
## APPLICABLE LEGAL STANDARD

### A
### CLASS CERTIFICATION

Plaintiff moves for class certification under USCIT Rule 23. Under USCIT Rule 23(c), the court is to determine by order whether a class action may be maintained as soon as practicable.

USCIT Rule 23(a) ennumerates the prerequisites to a class action: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. USCIT Rule 23(b) states that in addition to these prerequisites, one of three conditions must be met pursuant to Rule 23(b)(1-3). Plaintiff seeks to proceed under Rule 23(b)(2) and (b)(3). Plaintiff's Motion at 15. Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Id. Rule 23(b)(3) requires the court to find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Id. Rule 23(b)(3) then sets out several matters pertinent to such a finding. These matters are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." USCIT R.23.

**B**
**MOTION TO DISMISS**

Defendant moves for dismissal of Paragraphs 3, 24, and 25 of Plaintiff's Consolidated Complaint pursuant to USCIT Rules 12(b)(1) and (5). When a plaintiff's assertion of jurisdiction is challenged, under USCIT Rule 12(b)(1), it has the burden to establish the basis for jurisdiction. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991); Former Emples. of Sonoco Prods. Co. v. United States Sec'y of Labor, 273 F. Supp. 2d. 1336, 1338 (2003) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1935)); Elkem Metals Co. v. United States, 23 CIT 170, 175, 44 F. Supp. 2d 288 (1999). On a motion to dismiss for failure to state a claim pursuant to USCIT Rule 12(b)(5), the Defendant is entitled to dismissal where, after accepting Plaintiff's factual allegations in its complaint and drawing all inferences in favor of Plaintiff, it appears beyond doubt that no set of facts can be proven that would entitle Plaintiff to relief. See Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1565 (Fed. Cir. 1988); United States v. Ford Motor Co., Slip Op. 05-24 at 5 (CIT Feb. 18, 2005); Kemet Electronics Corp. v. Barshefsky, 976 F. Supp. 1012, 1027 (CIT 1997).

**V**
**ARGUMENTS**

Two related issues are currently before the court. The first is whether the court has jurisdiction to hear Plaintiff's claims, the second is whether the Plaintiff has successfully established the requisite elements for class certification.

**A**
**The Parties Agree That Jurisdiction Over Plaintiff's Claims Lies Under 28 U.S.C. § 1581(a)**
**But Disagree Whether It Lies Under 28 U.S.C. § 1581(i)**

Plaintiff challenges Customs' denial of its protest, claiming jurisdiction under 28 U.S.C.

6

§ 1581(a) and challenges the constitutionality of 19 C.F.R. § 181.53 under 28 U.S.C. § 1581(i). Plaintiff cites to Thomson Consumer Electronics, Inc. v. United States, 247 F.3d 1210 (Fed. Cir. 2001), as controlling authority for claiming concurrent jurisdiction under both §§1581(a) and 1581(i).

Each potential basis for jurisdiction is addressed in turn. Plaintiff and Defendant agree, and the court hereby finds, that because the named plaintiff, NuFarm, has met the jurisdictional prerequisite of exhausting its administrative remedies, jurisdiction exists under § 1581(a) for NuFarm's claims.

Plaintiff supports its contention that the court has jurisdiction under § 1581(i), noting that "the Court of Appeals [in Thomson] allowed HMT [harbor maintenance tax] importer claims to be brought under 28 U.S.C. § 1581(i), even though 1581(a) jurisdiction was clearly available. It reasoned that making a purely constitutional claim before Customs as to the validity of the statute would be futile." Plaintiff's Reply to Defendant's Motion to Dismiss and Reply to Defendant's Response Opposition to Plaintiff's Motion for Class Certification ("Plaintiff's Reply") at 6-7 (quoting M.G. Maher & Co, Inc. v. United States, Slip Op. 02-102 at 5, 2002 Ct. Int'l. Trade LEXIS 104 (2002). Plaintiff argues that § 1581(i) is available here because, as in Thomson, a protest based on constitutional grounds would be futile. Id. at 3-4. Plaintiff states that Customs conceded in its August 2001 denial of NuFarm's protest that Customs "had no authority to declare an enactment of Congress as unconstitutional. The issue of whether the laws of Congress are unconstitutional is reserved for the Courts." Id. at 4 (quoting Exhibit A). Plaintiff states that Customs' denial, together with the holdings in Swisher Int'l, Inc. v. United States, 205 F.3d 1358, 1364 (Fed. Cir. 2001), and Thomson, supports its assertion of jurisdiction under §§

7

1581(a) and 1581(i). Id. at 4. NuFarm also argues that the Government's analysis of the jurisdictional issues was "simplistic and inaccurate." Id. at 5. NuFarm states that the CIT has acknowledged that the law regarding jurisdiction is unsettled. Id. at 4 (citing M.G. Maher & Co., Slip Op. 02-102 at 5.)

Plaintiff further asserts that courts have held that jurisdiction may lie under both §§ 1581(a) and 1581(i) for purposes other than constitutional claims. Id. at 7-9 (citing Hohenberg Bros. Co. v. United States, 301 F.3d 1299, 1303 ( Fed. Cir. 2002); Sony Elec. Inc. v. United States, 25 CIT 336, 143 F. Supp. 2d 970 (2001); Swisher Int'l., 178 F. Supp. 2d at 1356). NuFarm contends that the Government's argument that concurrent jurisdiction may not lie under §§ 1581(a) and 1581(i) actually contradicts Congressional intent and the accompanying legislative history of § 1581. Plaintiff's Reply at 10. Plaintiff claims that the Government's restrictive reading of § 1581 "prevent[s] a properly filed case from being heard on its merits" and that such a restrictive reading was inconsistent with the legislative history of § 1581(i) as summarized by the court in Cricket Hosiery v. United States, Slip Op. 04-72 at 15, 2004 Ct. Int'l Trade LEXIS 68 (June 18, 2004). Id. at 10-11 (emphasizing that the "grant of jurisdiction in subsection (i) will ensure that these suits will be heard on their merits.")

Plaintiff claims that the court has jurisdiction over its claim under § 1581(i) even if the court should find that jurisdiction under § 1581(a) and § 1581(i) are mutually exclusive. Plaintiff's Reply at 11-12. More specifically, Plaintiff alleges that the court has jurisdiction in this case pursuant to § 1581(i)(2) and (4). Id. at 13. Plaintiff reasons that because the claim is "based solely on constitutional issues," relief under § 1581(a) is unavailable and [in the alternative] manifestly inadequate. Id. Plaintiff cites to, *inter alia*, the Supreme Court's holding

in <u>United States v. U.S. Shoe Corp.</u>, 523 U.S. 360, 118 S. Ct. 1290; 140 L. Ed. 2d 453 (1998) and the Federal Circuit's holding in <u>Thomson</u> to support its contention that the administrative protest process is unavailable and manifestly inadequate when the case involves a constitutional claim because "the agency lack[s] authority to make any decision regarding the constitutionality of the challenged law." <u>Id.</u> (citing <u>Koyo Seiko Co., Ltd. v. United States</u>, 186 F. Supp. 2d 1332, 1338 (CIT 2002); <u>Rhone Poulenc, SA v. United States</u>, 7 CIT 133, 583 F.Supp. 607, 610 (1984) Plaintiff further suggests that it is not required to exhaust its administrative remedies because recourse to the administrative process would be futile. Plaintiff's Reply at 13-14.

Plaintiff also takes issue with Customs' denial of NuFarm's protest, which stated "[a]s an administrative agency, [it had] no authority to declare an enactment of the Congress as unconstitutional." <u>Id.</u> at 14 (quoting Exhibit A). Plaintiff notes that "it is inherently contradictory for Defendant to assert that [Customs and Border Protection] cannot rule in a protest decision on issues of constitutionality, but they argue that Plaintiff's claims based on such an issue can only be raised and challenged in a civil action under § 1581(a)." <u>Id.</u>

Plaintiff further contends that the Customs' acceptance of Plaintiff's funds is not a protestable decision within the meaning of 19 U.S.C. § 1514, and therefore Plaintiff cannot invoke jurisdiction under § 1581(a). <u>Id.</u> at 14-15. Plaintiff states that its compliance with administrative protest procedures under § 1581(a) does not render § 1581(a) jurisdiction manifestly adequate because Customs' denial "was not substantive or conclusive on the merits of Plaintiff's constitutional claims." <u>Id.</u> at 16 (citing <u>George E. Warren Corp.</u>, 201 F. Supp. 2d 1366,1369(CIT 2002)).

Plaintiff also maintains that <u>Thomson</u> is applicable to the instant case because similarly

9

the present claim "[did not present] facts at issue, . . . Customs [did not] have any discretion in assessing the duties on an 'exported good' pursuant to 19 C.F.R. § 181.53 . . . [and did not implicate issues of] judicial efficiency, administrative autonomy, and the weakening of Customs as an agency. . . ." Id. at 16-17. Plaintiff contends that Customs role was not "pivotal" but "passive." Id. at 17 (quoting Thomson 247 F.3d at 1215). Finally, the Plaintiff charges that the Defendant filed its motion to dismiss with the purpose of obstructing full adjudication on the merits of its claims. Id. at 18.

Defendant argues that Plaintiff cannot establish jurisdiction under § 1581(i). Defendant's Motion at 3. According to Defendant, Plaintiff's reliance on Thomson to support concurrent jurisdiction under § 1581(a) and § 1581(i) is incorrect. Id. at 4. The Defendant contends that because NuFarm failed to address why jurisdiction under § 1581(a) was manifestly inadequate, it could not establish jurisdiction under § 1581(i). Id. In support of its contentions, Defendant argues that the statutory provisions pertinent to § 1581(a) jurisdiction demonstrate a clear legislative intent to limit the United States' waiver of sovereign immunity. Id. at 5. The Defendant also argues that Thomson is distinguishable from the instant case because the Thomson court based its finding of § 1581(i) jurisdiction on the fact that Customs could not rule as to the constitutionality of the statute in question. Id. at 7-9. Defendant points out that Plaintiff here is challenging 19 C.F.R. §181.53, a Customs regulation "drafted and promulgated by Customs, and implemented and administered solely by Customs." Id. at 9. The Defendant concludes that unlike the harbor maintenance tax ("HMT"), which was collected pursuant to Congressional (and not Customs') regulation, Customs could take an active role in determining whether 19 C.F.R. § 181.53 was unconstitutional. Id. at 7-8 (quoting U.S. Shoe, 523 U.S. at 360

10

and <u>Thomson</u>, 247 F.3d at 1215.).

The Defendant further argues that <u>Thomson</u> and <u>U.S. Shoe</u> represent only a "narrow exception" to the principle that jurisdiction under § 1581(a) is mandatory. Memorandum in Reply to Plaintiff's Response to Defendant's Motion to Dismiss Paragraphs 3, 24, and 25 of Plaintiff's Consolidated Complaint ("Defendant's Reply") at 3.  The Government emphasizes that <u>Thomson</u> and <u>U.S. Shoe</u> dealt with a regulation where Customs had "nothing . . . to decide, because all substantive particulars regarding the imposition and amount of HMT are established by Congress." <u>Id.</u> at 4 (quoting <u>United States v. U.S. Shoe Corp.</u>, 114 F.3d 1564, 1569-70 (Fed. Cir. 1997), aff'd <u>U.S. Shoe</u>, 523 U.S. at 360.  The Defendant states that the distinction between a regulation enacted by Congress and one promulgated by Customs is dispositive as to § 1581(i) jurisdiction. <u>Id.</u> at 6 (quoting <u>M.G. Maher</u>, Slip. Op. 02-102 at 1). Therefore, the Defendant asserts that the court does not have jurisdiction under § 1581(i), and that had the potential class members wished to challenge 19 C.F.R. § 181.53, they had to do so by filing a protest in accordance with jurisdiction under § 1581(a).[3] <u>Id.</u> at 8.  Furthermore, the Defendant disagrees with Plaintiff that denying Plaintiff § 1581(i) jurisdiction would force Plaintiff to challenge 19 C.F.R. § 181.53 in Federal District Court. <u>Id.</u> at 10-11.  The Defendant asserts that Plaintiff may be heard on the merits at the United States Court of International Trade under § 1581(a), a "readily available jurisdiction." <u>Id.</u>

**B**
**The Parties Disagree Over Application of the Elements of Class Certification**

As set forth by this Court in <u>Baxter Healthcare Corp. v. United States</u>, 20 CIT 552, 554,

---

[3] The named Plaintiff is the only potential class member to have fulfilled the requirement of exhausting administrative remedies by having its protests denied.

11

925 F. Supp. 794 (CIT 1996), the first step in determining the appropriateness of class action treatment is to apply the elements of USCIT Rule 23(a). Rule 23(a) states as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interest of the class.

USCIT Rule 23(a).

Plaintiff claims that its motion satisfies each of these prerequisites. See Plaintiff's Motion 10-14. Plaintiff states that there are 161 potential class members. Id. at 11. Plaintiff argues that because a single issue is the same as to each class member, the question of law and fact is common. Id. Plaintiff states that "[t]his illegal export duty is typical of every claim possessed by members of the class. All members of the class have an identical basis for seeking the same relief." Id. at 12. This, according to Plaintiff, satisfies the typicality requirement. Plaintiff also claims that because it suffered substantial injury and because of its highly qualified counsel, it is distinctly able to represent and adequately protect the interest of the class. Id. at 13-14.

Defendant argues that because only the named Plaintiff, NuFarm, has satisfied the jurisdictional requirements of § 1581(a), the proposed class "cannot meet the numerosity requirement of USCIT R.23(a), as well as the other requirements which grow from the principle of numerosity in class actions. Defendants Motion at 14, n. 8. Defendant goes on to address each of the other criteria, arguing that Plaintiff fails on each because the potential class members cannot establish jurisdiction. Id. at 14-18.

# VI
# ANALYSIS

## A
## Jurisdiction

Pursuant to 28 U.S.C. § 1581 the Court of International Trade has exclusive subject matter jurisdiction over certain types of actions. Miller, 824 F.2d at 963. "Each section 1581 subsection delineates particular laws over which the Court of International Trade may assert jurisdiction." Nat'l Corn Growers Ass'n v. Baker, 840 F.2d 1547, 1555 (Fed. Cir. 1988). While subsections (a)-(h) delineate specific areas of exclusive jurisdiction, subsection (i) operates as a broad residual grant. Miller, 824 F.2d at 963; see also Thomson 247 F.3d at 1214.

Both parties agree and the court finds that jurisdiction lies under § 1581(a) in this case. The question for determination is whether § 1581(i) is also applicable, and whether jurisdiction under both sections may exist concurrently.

## 1
## Plaintiff Cannot Establish Jurisdiction Under 28 U.S.C. § 1581(i)

Miller states that 28 U.S.C § 1581(i) jurisdiction may not be invoked when jurisdiction under §§ 1581(a)-(h) is or even could have been available, unless the remedy they provide can be shown to be manifestly inadequate. Id. at 963; see also Consol. Bearings Co. v. United States, 348 F.3d 997, 1002 (Fed. Cir. 2003); Thomson, 247 F.3d at 1214; Swisher, 205 F.3d 1358, 1364. (Fe. Cir 2000).

> Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate. United States v. Uniroyal, Inc., 69 C.C.P.A. 179, 687 F.2d 467, 475 (CCPA 1982) (Nies, J., concurring); Lowa, Ltd. v. United States, 5 C.I.T. 81, 561 F. Supp. 441, 446-47 (Ct. Int'l Trade 1983), aff'd, 724 F.2d 121 (Fed. Cir. 1984); see American Air

13

Parcel Forwarding v. United States, 718 F.2d 1546, 1549-51 (Fed. Cir. 1983) (no § 1581(i) jurisdiction where importers could have taken steps to qualify under §§ 1581(a) or (h), and remedies under those subsections would not have been inadequate), *cert. denied*, 466 U.S. 937, 104 S. Ct. 1909, 80 L. Ed. 2d 458 (1984); United States Cane Sugar Refiners' Ass'n v. Block, 69 C.C.P.A. 172, 683 F.2d 399, 402 n.5 (CCPA 1982) ("The delay inherent in proceeding under § 1581(a) makes relief under that provision manifestly inadequate and, accordingly, the court has jurisdiction in this case under § 1581(i)."); see also Royal Business Mach., Inc. v. United States, 69 C.C.P.A. 61, 669 F.2d 692, 701-02 (CCPA 1982) (importers whose § 1581(c) action was untimely could not use § 1581(i) as alternative jurisdictional basis). Where another remedy is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate. See American Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1550-51 (Fed. Cir. 1983); Pistachio Group of the Ass'n of Food Indus., Inc. v. United States, 10 C.I.T. 440, 638 F. Supp. 1340, 1342 (Ct. Int'l Trade 1986).

Miller, 824 F.2d at 963.

The Miller court found that (1) the plaintiff-appellant could have sought remedy under another subsection of § 1581, namely § 1581(c), (2) the plaintiff-appellant did not fulfill the requirements necessary to have standing under § 1581(c) and (3) the plaintiff-appellant was unable to meet its burden of showing that remedy under § 1581(c) was manifestly inadequate. Id. at 964. Having found that the plaintiff-appellant could not establish standing under either § 1581(c), nor § 1581(i), the Miller court dismissed the Complaint. Id. Here, NuFarm is seeking to have its potential class members assert jurisdiction under § 1581(i), while NuFarm itself has already established jurisdiction under § 1581(a) for identical claims. See Plaintiff's Motion at 20 (stating "it appears that the great majority of the members of the class have jurisdiction for their claims under 28 U.S.C. § 1581(i) . . . . ") Under Miller, the scope of § 1581(i) jurisdiction is "strictly limited." Norcal/Crosetti Foods, Inc. v. United States, 963 F. 2d 356, 360 (Fed. Cir. 1992) (holding that the remedy under another subsection of § 1581 is not manifestly inadequate

14

because § 1581's "built-in safeguards and limitations . . . are not to be dismissed because they are inconvenient").

The Court of Appeals in Thomson examined a jurisdictional question in which the plaintiff sought to recover a HMT, claiming the tax was unconstitutional. Plaintiff in that case claimed jurisdiction under § 1581(i). Thomson, 247 F.3d at 1211. There, as here, the government contended that § 1581(a) was the appropriate basis for jurisdiction and § 1581(i) was unavailable because of the failure to exhaust administrative remedies. Id. at 1213. The government argued further that because plaintiff had failed to protest Customs' liquidation decision pursuant to 19 U.S.C. § 1514(a), a prerequisite to jurisdiction under § 1581(a), the court could not exercise jurisdiction under that subsection. Id. The Court of International Trade agreed with the government and dismissed the complaint for lack of jurisdiction, finding that because § 1581(a) jurisdiction was available and provided adequate relief, the court could not exercise jurisdiction under the residual jurisdiction provision, namely § 1581(i). Id. at 1211. Jurisdiction would have been proper under § 1581(a),[4] but was unavailable to plaintiff because it had failed to exhaust its administrative remedies within the required time period. Id. at 1213. The Court of Appeals reversed, holding that to require exhaustion of administrative remedies would be futile because the agency has no discretion to overturn a statute on constitutional grounds. Thomson, 247 F.3d at 1215.

In Thomson, the basis of the Court's rejection of the exhaustion requirement was that plaintiff's complaint concerned neither the valuation of the merchandise nor the regulations

---

[4] The Court cited to 19 U.S.C. § 1514(c) and reasoned that challenges to duties must be made by filing a protest of the liquidation with Customs or else the liquidation is final.

15

promulgated by Customs. Thomson's sole challenge was to the constitutionality of the HMT. See Id. at 1215. Thus, the court reasoned, all the reasons for requiring exhaustion were irrelevant. Customs could have developed no facts regarding the constitutionality of the HMT, nor did it have discretion in applying the tax. Id. The court relied upon the Supreme Court's reasoning in U.S. Shoe Corp., 523 U.S. at 365, stating that "Customs is powerless to perform any active role in the determination of the constitutionality of the assessment since it cannot rule on the validity of an Act of Congress." Id. The Thomson court distinguished the case from others such at Nat'l Corn, where a judgment call by Customs was challenged in the guise of a constitutional challenge. Thomson, 247 F.3d at 1216 (stating that "even though National Corn asserted a constitutional challenge, i.e., that Customs was acting in excess of its statutory authority when it failed to collect duties on the entry of certain ethanol blends, the underlying basis for the challenge was really a challenge to an administrative 'judgment call' by Customs as to why certain ethanol blends did not fall within HTSUS. That 'judgment call' by Customs warranted further factual development within the agency."(citation omitted)). Accordingly, Plaintiff here has failed to establish that the court has jurisdiction pursuant to § 1581(i).

**2**
**Because the Exhaustion of Administrative Remedies Would Not Be Futile Plaintiff Cannot Avail Itself of Jurisdiction Under 28 U.S.C. § 1581(i)**

The distinction between a Customs' regulation and a statute is dispositive as to whether the exhaustion of administrative remedies under 28 U.S.C. § 1581(a) is futile. Exhaustion in this case is not futile and hence is required, irrespective of any distinction.

Plaintiff contends that Customs did not have the authority to make a decision regarding the constitutionality of 19 C.F.R. § 181.53 and any remedy they sought under the administrative

16

protest process pursuant to § 1581(a) would have been unavailable, manifestly inadequate and futile. Plaintiff's Reply at 13-14. The Defendant argues that the court does have jurisdiction under § 1581(a) because the remedy thereunder was not only available but neither futile nor inadequate. Defendant's Reply at 8. Although the Plaintiff notes that both the CIT and the Federal Circuit have previously excused litigants from exhausting administrative remedies in cases involving constitutional claims, Plaintiff overstates the causal relationship between the existence of a constitutional claim and the exhaustion requirement.

The cases cited by Plaintiff represent a narrow exception to the general rule that litigants must exhaust their administrative remedies under other subsections of § 1581 before properly invoking § 1581(i) jurisdiction. See, e.g., M.G. Maher, Slip Op. 2002-102 at 4 (summarizing the Federal Circuit's decision in Thomson as based on the finding that "making a purely constitutional claim before Customs as to the validity of a statute would be futile" and noting that "[i]t would seem unlikely that the statutory procedures may be avoided except in very similar circumstances.") Because the particular circumstances of the instant case do not fall within that exception, the Plaintiff is unable to support its contention that pursuing the remedy under § 1581(a) would be unavailable, manifestly inadequate or futile. The M.G. Maher court drew a distinction for similar reasons, stating that "the relief sought, rescinding of the regulation, may be carried out by Customs. This is not the total legal and practical futility observed in Thomson." Id. at 5.

The cases to which Plaintiff cites exemplify circumstances under which the futility doctrine is applicable. See Plaintiff's Reply at 13-14 (citing, Rhone Poulenc, 583 F.Supp. at 135-36; Koyo, 186 F. Supp. 2d at 1339-40; Pacific Giant, Inc. v. United States, 223 F. Supp. 2d

17

1336 (CIT 2002); Gilda Industries, Inc. v. United States, 353 F. Supp. 2d 1364 (CIT 2004)).

Those cases are distinguishable, however, because the circumstances under which the courts

found the exhaustion of administrative remedies futile are not present here. In each of these

cases the administrative agency lacked the authority to rule on the constitutionality of the

challenged regulation.[5]

The constitutional claims at issue in Gilda and Pacific Giant do not sufficiently rebut the

Government's argument that the constitutionality of a Customs' regulation must first be reviewed

at the agency level. In Gilda, the court found that the plaintiff did not need to exhaust its

administrative remedies to challenge an action by the United States Trade Representative

("USTR") because it could not provide the remedy the plaintiffs sought, i.e. removal from a

retaliation list and reimbursement for duties paid pursuant to a USTR policy. Gilda, 353 F. Supp.

2d at 1368. Similarly, in Pacific Giant, the court found that it would be futile for the plaintiff to

exhaust its administrative remedies because "Commerce lacked authority to make any decision

regarding the constitutionality of the Byrd Amendment." Pacific Giant, 223 F. Supp. 2d at 1348.

In both Gilda and Pacific Giant, the litigants challenged policies and statutes under which the

administrative agencies in question clearly had no authority to grant relief.

The instant case requires the exhaustion of administrative remedies because to do so

would not be a useless formality. See, e.g., Koyo, 186 F. Supp. 2d at 1338. Plaintiff has not

_____

[5] In addition, the Plaintiff's interpretation of the case law minimizes the implications of other pertinent cases dealing with the exhaustion requirement, and is therefore insufficient to support their argument. See, e.g., Montana Chapter of Ass'n of Civilian Technicians, 514 F.2d 1165 (9th Cir. 1975); American Air Parcel Forwarding Co. v. United States, 718 F.2d 1546 (Fed. Cir. 1983); M.G. Maher, Slip Op. 2002-102. Therefore, the Plaintiff's exhaustion of its administrative remedies is not futile, and thus, necessary.

presented facts to support a need to obviate exhaustion. Id. Customs, having promulgated and administered 19 C.F.R. § 181.53, has the authority to review, revise, and ultimately to repeal its own regulation. As a result, exhaustion would not be "inequitable and an insistence of a useless formality" as in the case where "there is no relief which plaintiff may be granted at the administrative level." Id. (citing United States Cane Sugar Refiners' Ass'n v. Block, 3 C.I.T.196, 201, 544 F. Supp. 883, 887 (1982)).

**3**
**Inclusion of a Constitutional Claim Does Not, In and Of Itself, Alter Jurisdiction**

Recognizing a broad constitutional claim exception to the exhaustion requirement might offer an incentive to litigants to frame claims in terms of a constitutional wrong. American Air Parcel, 718 F.2d at 1550 (where a litigant claimed that "there is a denial of due process whenever an agency fails to follow either a statute or a regulation which has the force of law.") In American Air Parcel, the court emphasized that the "traditional avenue under 28 U.S.C. § 1581(a) was not intended to be so easily circumvented, whereby it would become merely a matter of election by the litigant." Id.

Thus, if a constitutional claim may be disposed of on non-constitutional grounds, a litigant is required to exhaust its administrative remedies. Montana Chapter of Ass'n, 514 F.2d at 1167-68. The existence of a constitutional claim, therefore, does not automatically obviate the exhaustion requirement. Id. at 1167. As Thomson points out, the "courts may never have to intervene if the complaining party is successful in vindicating his rights in the pursuit of its administrative remedies." Thomson, 247 F.3d at 1214. Therefore, Plaintiff's obligation to exhaust its administrative remedies is not excused simply because Plaintiff's claim is constitutional in nature.

19

**4**
**Plaintiff May Not Invoke Jurisdiction Under Both 28 U.S.C.**
**§ 1581(a) and 28 U.S.C. § 1581(i)**

Jurisdiction under § 1581(i), is to be exercised in the event that jurisdiction under another subsection of §1581 is unavailable or manifestly inadequate. Miller, 824 F.2d at 963. It is meant as a residual and not an additional or alternate avenue of jurisdiction. Id. The cases that follow Miller do not disturb this jurisdictional framework. Swisher, Thomson, St. Paul Fire & Marine Ins. Co. v. United States, 959 F.2d 960, 963 (Fed. Cir. 1992), and JCM, Ltd. v. United States, 210 F.3d 1357, 1359 (Fed. Cir. 2000), support the argument made by the Defendant that the CIT may not exercise concurrent jurisdiction under §§ 1581(a) and 1581(i). The Federal Circuit's holding in Swisher does not challenge the continued applicability of Miller as it pertains to the mutual exclusivity of § 1581(i) jurisdiction. Indeed, the Swisher court stated that the holdings in Miller and other decisions "[are] meant merely to prevent a party from asserting residual (subsection (i)) jurisdiction when jurisdiction under another subsection would be appropriate." Swisher, 205 F. 3d at 1364. The Swisher court distinguished its previous decision in U.S. Shoe by asserting that in that case there was no other basis for jurisdiction available, while in Swisher, § 1581(a) was an appropriate basis for jurisdiction. Id. The Swisher court's characterization of the jurisdictional issue addressed in U.S. Shoe confirms that a party may invoke § 1581(i) jurisdiction when no other remedy is available; it thus remains a mutually exclusive grant of jurisdiction. Id.

Thomson decided whether the plaintiff had to protest Customs' decision in order to

challenge the constitutionality of the HMT as applied to imports.[6] Id. at 1214. The court

enumerated the justifications for requiring that the plaintiff exhaust its administrative remedies

before the court had jurisdiction over the case. Id. at 1214. In particular, the court noted that

requiring the exhaustion of administrative remedies promotes judicial efficiency, affords an

agency the opportunity to correct its own errors, and prevents the effectiveness of an agency from

being undermined by frequent circumvention of its procedures. Id. The complaint in Thomson

dealt with an issue for which Customs could develop no facts nor engage in any analysis or

adjudication, accordingly, the court held that it was unnecessary to require a protest. Id. at 1215

(asserting that "Customs is powerless to perform any active role in the determination of the

constitutionality of the assessment since it cannot rule on the validity of an Act of Congress.")

Thomson does not state, however, that § 1581(a) jurisdiction was not available, only that it

would be futile to require the plaintiff to file a protest pursuant to 19 U.S.C. § 1514(a). Id.; see

also George E. Warren Corp. v. United States, 341 F.3d 1348, 1351 (Fed. Cir. 2003) (stating that

"[p]arties are not required to perform useless acts to exhaust administrative remedies. See

Thomson 247 F.3d at 1214-15 (explaining generally the purpose of requiring exhaustion of

administrative remedies and holding specifically that a protest is not required for the Court of

---

[6] Administrative protests afford Customs notice of as well as an opportunity to review the challenges to the validity of its regulations before the court exercises jurisdiction over the Plaintiff's claim, regardless of whether such claim centers on a constitutional issue. For example, the Supreme Court's decision in United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33 (1952) emphasizes the importance of affording the administrative agency an opportunity to change its policy and of putting the agency on notice that its policy might be reversed pursuant to judicial review. Id. at 37. Indeed, the exhaustion doctrine exists to ensure that an administrative agency is given an opportunity to correct its own errors. Thomson, 247 F.3d at 1214. If litigants could systematically deprive an administrative agency of an opportunity to review its regulations by invoking a broadly drawn constitutionality exception, an administrative agency might rarely receive adequate notice of or an opportunity to review its alleged errors.

International Trade to have jurisdiction over civil refund actions in which a protest to Customs would be futile because of Customs' lack of authority over the subject matter."))

In St. Paul Fire & Marine Ins. Co. the court noted that if jurisdiction under §§ 1581(i) and 1581(a) "were interpreted to overlap," litigants could systematically circumvent the administrative remedies established by the jurisdictional statute. Id. at 963. The court further emphasized that "if a suit could be maintained on a protestable decision under both 28 U.S.C. §§ 1581(a) and 1581(i), a party could circumvent the time requirements associated with a protestable decision and completely evade the administrative review process." Id. By its very nature, therefore, jurisdiction under § 1581(i) is mutually exclusive to jurisdiction under other subsections of § 1581.

The reasoning of M.G. Maher is consistent with both Swisher and Thomson with regard to the jurisdictional implications of Miller. M.G. Maher, Slip Op. 02-102 at 3 (stating that "[under Miller], § 1581(i) jurisdiction is not available if another provision of § 1581 sets forth an available basis of jurisdiction.") Although the court acknowledges that Thomson allowed the plaintiff to bring its claim under § 1581(i) when § 1581(a) was "clearly available," it also notes that the court "reasoned that making a purely constitutional claim before Customs as to the validity of the statute would be futile." Id. at 4. The court in M.G. Maher was careful to note, however, that "it would seem unlikely that the statutory procedures may be avoided except in very similar circumstances." Id. at 3.

Finally, Hohenberg and Sony, the two cases to which NuFarm cites for the proposition that CIT has jurisdiction under both §§ 1581(a) and 1581(i) for "purposes other than constitutional claims," are also HMT cases which do not directly address the jurisdictional

22

implications, if any, of a distinction between a Customs regulation and a Congressional enactment. Plaintiff's Reply at 8. While NuFarm cites language from Hohenberg that would suggest that the Miller principle does not preclude NuFarm from invoking both § 1581(a) and § 1581(i) jurisdiction, neither Sony nor Hohenberg goes so far as to find Swisher, Thomson, or Miller inapposite. Id. (quoting Hohenberg, 301 F.3d at 1303, "the court reasoned that it had jurisdiction in this matter under either 1581(a) or (i).")

The court in Hohenberg did not determine whether jurisdiction under §§ 1581(a) and 1581(i) is mutually exclusive. Instead, it considered whether the CIT abused its discretion in refusing to permit the plaintiff to amend the consent judgment to include jurisdiction under § 1581(a) when the parties did not dispute the court's jurisdiction under § 1581(i). Hohenberg, 301 F.3d at 1303-5. Similarly in Sony, while the court did acknowledge that it had § 1581(a) jurisdiction to hear one plaintiff's claim and § 1581(i) jurisdiction to hear another plaintiff's claim, its decision concerning the appointment of a three judge panel did not directly address the issue of concurrent jurisdiction on any one claim. Sony, 143 F. Supp. 2d at 972.

The legislative history of § 1581 demonstrates congressional intent to limit the availability of jurisdiction under subsection (i). See Nat'l Corn Growers, 840 F.2d at 1557 (recounting the legislative history of § 1581 to show subsection (i) should be construed narrowly). For example, the Federal Circuit held that Congress did not intend to allow easy circumvention of the administrative process – "by artful pleading alone, a litigant [should not] be able to change the entire statutory scheme Congress has established." JCM, Ltd, 210 F.3d at 1359 (quoting American Air Parcel, 718 F.2d at 1550). Therefore, the Federal Circuit, citing Miller and its progeny, has held that Congressional intent is not effectuated by an interpretation of the

23

jurisdictional statute that would allow for concurrent jurisdiction under §§ 1581(a) and 1581(i). Nat'l Corn Growers, 840 at 1556-1558.

Even though a litigant may sometimes avoid the requirement that it exhaust its available administrative remedies the CIT may not necessarily exercise both §§ 1581(a) and 1581(i) jurisdiction over any one claim. A litigant's claim need not be subject to the administrative review process under § 1581(a) if the exhaustion of administrative remedies would be futile. See also Consol. Bearings Co. v. United States, 348 F.3d 997, 1003 (Fed. Cir. 2003); George E. Warren Corp., 341 F.3d at 1351 (holding that a litigant is not required to perform useless acts). If futility is sufficiently shown, § 1581(i) jurisdiction may be exercised over the claim. Power-One Inc. v. United States, 23 CIT 959, 965, 83 F.Supp.2d 1300 (1999), (finding that because Customs was able to demonstrate that it would not have been futile for the litigant to pursue its administrative remedies pursuant to § 1581(a) the court could not exercise jurisdiction over the litigant's claim). Thus, although the court has recognized that a showing of futility may obviate the exhaustion requirement under an otherwise available jurisdiction, the court has not rejected the mutual exclusivity of jurisdiction under § 1581. Id.

Plaintiff's contention that the CIT may exercise both §§ 1581(a) and 1581(i) jurisdiction over its claim is unsupported. The CIT's jurisdiction under § 1581(i) is specifically circumscribed by and is mutually exclusive to jurisdiction under other subsections of § 1581 in accordance with Congress' intent under the relevant case law.

**B**
**The Elements of Class Certification Can Not Be Satisfied by Plaintiff**

**1**
**Plaintiff's Motion Fails to Satisfy the Numerocity Requirement For Class Certification**

28 U.S.C. § 1581(a) applies to "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a). NuFarm has completed the administrative process in a timely fashion and satisfies the jurisdictional requirements of § 1581(a). Because Plaintiff has presented no other potential class members who have completed the administrative process, only the named plaintiff may avail itself of jurisdiction under this section. See Miller, 824 F.2d at 964 ("[b]ecause Miller did not participate as a party in the ITA proceeding, it lacked standing to invoke the jurisdiction granted the Court of International Trade under § 1581(c).") Thus, because the potential class includes only one member, Plaintiff's motion fails to meet the first requirement of USCITR 23(a), and must be denied.

**2**
**Failure To Satisfy the Jurisdictional Requirements Under 28 U.S.C. § 1581(a) In a Timely Fashion May Not Be Excused**

There are several legal mechanisms which allow for otherwise time barred claims to proceed. Because the potential class members have failed to meet the jurisdictional requirement of exhausting their administrative remedies, none of these doctrines apply to the instant case.

In certain circumstances the statute of limitations may be tolled for class members. The Court of Appeals for the Federal Circuit in Stone Container Corp., held that:

> under present Rule 23, . . . the filing of a timely class action complaint
> commences the action for all members of the class as subsequently determined."
> American Pipe & Constr. Co., Inc. v. U.S., 414 U.S. 538, 550 (1974). The Court
> then held that the class action suspended the statute of limitations for all asserted

25

class members because the contrary approach "would frustrate the principal function of a class suit" by forcing putative class members to file suit to protect their rights. Id. at 551. Similarly, in Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 351(1983), the Court recognized that unless the statute of limitations were tolled by the filing of a class action, "the result would be a needless multiplicity of actions -- precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of American Pipe were designed to avoid.

Stone Container Corp. v. United States, 229 F.3d 1345, 1354 (Fed. Cir. 2000). In contrast, as discussed above, the potential class members in the instant case have not taken the preliminary step of exhausting their administrative remedy. The court, therefore, may not exercise jurisdiction over their claims under § 1581(a). Thus the denial of class certification is based on jurisdiction, not the statute of limitations.[7]

Vicarious exhaustion is a doctrine under which a plaintiff who has failed to satisfy the requirement of exhausting its administrative remedies may nonetheless intervene with other plaintiffs who have in an ongoing action. See, e.g., Cook v. Boorstin, 246 U.S. App. D.C. 201(1985); Mayfield v. Meese, 669 F.Supp. 1123 (1987); Foster v. Gueory, 655 F.2d 1319 (D.C. Cir. 1981). The primary consideration in these cases is that the claims be identical and that there be no reasonable possibility that the outcomes would be different at the administrative level. Foster, 655 F.2d at 1322. To the extent that its reasoning is analogous to the instant case, Plaintiff would have to demonstrate that the denial of one, single party's administrative claim would establish the futility of similar protests. As discussed above, no such showing has been made.

Under USCIT Rule 15(c) "[a]n amended pleading relates back to the date of the original

---

[7] Nothing in this opinion should be interpreted to reach the merits of potential class members' individual claims.

26

pleading when [*inter alia*] (2) the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ."  This rule, however, does not provide for the inclusion of plaintiffs who have not met jurisdictional prerequisites notwithstanding otherwise similar claims. USCITR 15(c).  Similarly, the "single filing rule," which can excuse class members from individually having to exhaust their administrative remedies, has only been found to apply when the exhaustion requirement was not jurisdictional.  See Founding Church of Scientology, Inc. v. FBI, 459 F. Supp. 748 (D.D.C. 1978); Marcus v. Sullivan, 926 F.2d 604 (7th Cir. 1991).  Thus, neither of these doctrines may excuse a failure to satisfy the jurisdictional requirements under 28 U.S.C. § 1581(a) in the instant case.

**VII**
**CONCLUSION**

For the above stated reasons, Plaintiff's Motion is DENIED, and Defendant's Motion is GRANTED.


_____/s/ Evan J. Wallach_____
Evan J. Wallach, Judge

Dated: October 5, 2005
New York, New York