SLIP OP. 06-58

UNITED STATES COURT OF INTERNATIONAL TRADE

—————————————————————
                                                    :
WEST TRAVEL, INC.,                                  :
                                                    :
                    Plaintiff,                      :        Before:  Jane A. Restani, Chief Judge
                                                    :
            v.                                       :        Court No. 98-09-02785
                                                    :
UNITED STATES,                                      :
                                                    :
                    Defendant.                      :
                                                    :
—————————————————————:

**<u>OPINION</u>**

[Defendant's motion for summary judgment granted; case dismissed.]

Dated:  April 25, 2006


<u>Lane, Powell, Spears, Lubersky, LLP</u> (<u>Diane M. Butler</u>) for plaintiff.

<u>Peter D. Keisler</u>, Assistant Attorney General, <u>David M. Cohen</u>, Director, <u>Todd M. Hughes</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>Tara K. Hogan</u>), <u>Richard McManus</u>, Office of the Chief Counsel, United States Bureau of Customs and Border Protection, of counsel, for defendant.


Restani, Chief Judge:  This is a companion case to <u>West Travel, Inc. v. United States</u>, No. 98-09-02786, (Slip Op. 06-57) issued simultaneously herewith, and which should be considered herewith.  The facts of the two cases are the same, except that the Harbor Maintenance Tax (26 U.S.C. § 4461 <u>et</u> <u>seq.</u> (2000)) ("HMT") payments sought to be recovered in this action were made within the two-year statute of limitations for 28 U.S.C. § 1581(i) (2000) jurisdiction cases, and plaintiff has reduced its claim to $30,833.99.  The issue before the court is whether plaintiff should be permitted to amend its complaint alleging constitutional infirmity to one alleging a statutory

exemption under 26 U.S.C. § 4462(b), for "cargo" loading or unloading at Alaska ports.

As in the companion case, 28 U.S.C. § 1581(a) protest denial jurisdiction was not perfected. Thus, the court asks whether plaintiff could have pursued actions that would have resulted in 28 U.S.C. § 1581(a) jurisdiction, and if so, whether plaintiff, nonetheless, may pursue its statutory exemption claim in this 28 U.S.C. § 1581(i) action.

The general rule is that one may not maintain an action under the residual jurisdiction provision of 28 U.S.C. § 1581(i) if another provision of § 1581 would have been available. See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987). The Federal Circuit has loosened that principle somewhat. Although it (and the Supreme Court, see U.S. Shoe Corp. v. United States, 523 U.S. 360, 365–66 (1998)) had permitted constitutional challenges to the HMT statute to go forward under § 1581(i), in Swisher Int'l, Inc. v. United States, 205 F.3d 1358, 1365 (Fed. Cir. 2000), the court recognized an administrative refund procedure under 19 C.F.R. § 24.24(e), the results of which could be protested, leading to § 1581(a) jurisdiction. The reasons for allowing these dual paths to jurisdiction were varied. One reason was that any real decision-making by the then United States Customs Service ("Customs") on a constitutional challenge to a statute was impossible, making exhaustion of administrative remedies for § 1581(a) jurisdiction futile. Swisher, 205 F.3d at 1363-65. Further, early on, Customs did not endorse the administrative refund denial route for HMT constitutional claims,[1] making § 1581(i) available because of lack of a practical remedy in pre-U.S. Shoe days.[2] Nonetheless, under 19 C.F.R. § 24.24(e), Customs did have a refund

---

[1]Customs took the position, later discredited in U.S. Shoe, that parties were required to protest the receipt of HMT payments by Customs. See U.S. Shoe, 523 U.S. at 365.

[2] The companion case addresses in detail why the refund remedy was available to plaintiff here, in a practical sense.

procedure in place, which provided a path to § 1581(a) jurisdiction for constitutional challenges, but plaintiffs were not penalized by having these claims rejected because of the "availability" of a route to protect jurisdiction. They were permitted to treat that course of action as futile for purposes of constitutional litigation and to rely on § 1581(I) jurisdiction if they so chose.

Plaintiff's claim is not in the same class of futile claims. Plaintiff asserts a statutory exemption, not a constitutional claim. Presumably, Customs could review the facts and apply the exemption if it were warranted.[3] With respect to the controlling legal principle, this case is not unlike NuFarm America's, Inc. v. United States, 398 F. Supp. 2d 1338, 1348–52 (CIT 2005), wherein the court held that a plaintiff must administratively exhaust its challenge to a Customs regulation, and that 28 U.S.C. § 1581(a) and (i) do not provide concurrent jurisdiction, except in situations similar to the constitutional challenge in the HMT cases. See also M.G. Maher & Co., Inc. v. United States, 26 CIT 1040, 1041 (CIT 2002) (challenge to a Customs HMT regulation must proceed under 28 U.S.C. § 1581(a)). NuFarm and M.G. Maher nicely summarize the jurisdictional authorities with regard to lack of concurrent jurisdiction under § 1581(a) and (i), and the court will not repeat the survey.

The allegations plaintiff asserts in its motion for summary judgment essentially constitute a new complaint based on a statutory right. There must be appropriate jurisdiction for such a complaint. While plaintiff's refund claims are not time-barred for purposes of 28 U.S.C. § 1581(i), jurisdiction to hear them does not exist under § 1581(i) because a 28 U.S.C. § 1581(a) remedy was legally and practicably available. Plaintiff has not perfected jurisdiction under 28 U.S.C. § 1581(a). Accordingly, plaintiff is not permitted to amend its complaint and this action will be

---

[3] The court does not opine as to the merits of plaintiff's claim.

dismissed.

                                       /s/ Jane A. Restani
                                         Jane A. Restani
                                         Chief Judge

Dated:  New York, New York.
This 25th day of April, 2006.

**ERRATA**

Please make the following changes to <u>West Travel, Inc. v. United States</u>, No. 98-09-02785, Slip. Op. 06-58 (Ct. Int'l Trade April 25, 2006):

- Page 3, line 3: Replace "to protect jurisdiction." to "to protest jurisdiction."

April 25, 2006