Slip Op. 06-92

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                        :
FORMER EMPLOYEES OF IBM                 :
CORPORATION, GLOBAL SERVICES            :
DIVISION; JAMES FUSCO; BARBARA          :
L. PINEAU; DICK YOUNG; JOHN F.          :
LAKE; and on behalf of ALL OTHERS       :
SIMILARLY SITUATED,                     :
                                        :
              Plaintiffs,               :      Before: Judith M. Barzilay, Judge
                                        :      Court No. 03-00656
         v.                             :
                                        :
ELAINE L. CHAO, SECRETARY OF THE        :
UNITED STATES DEPARTMENT OF             :
LABOR and ALBERTO R. GONZALES,          :
ATTORNEY GENERAL OF THE                 :
UNITED STATES,                          :
                                        :
              Defendants.               :
_____ :
```

**MEMORANDUM ORDER**

Plaintiffs in this case have moved for class certification under Rule 23 of this Court. Plaintiffs challenge the United States Department of Labor's ("Labor") failure to certify as eligible for trade readjustment allowance ("TRA") software workers who have become unemployed due to shifts in production and increased imports of competitive software products. *See* Pls.' Mot. 4. They therefore seek to certify three classes that consist of (1) "all software workers who have applied for TRA and have been denied certification by Labor under the reasoning that software is not an article," (2) software workers who have applied for TRA and have not yet received a determination, and who are otherwise eligible notwithstanding the issue of whether the software they produced in their former employment is an article, but who

reasonably expect to be denied TRA on the same basis as class (1), and (3) software workers who have not applied for TRA, and who are otherwise eligible, but who have a reasonable expectation of being denied TRA on the same basis as class (1).  Pls.' Mot. 4-6.

## I. Requirements for Class Certification

As explained by Rule 23 of this Court, to obtain class certification, the following requirements, among others, must be met:

> (1) the class [must be] so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

USCIT R. 23(a).  In addition, the action must fulfill one of the prerequisites listed in subsection (b).  *See* USCIT R. 23(b).  In this case, Plaintiffs rely on subsection (b)(2), which states that "'the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.'"  Pls.' Mot. 6 (quoting USCIT R. 23(b)(2)).

## II. Discussion

Plaintiffs have not met the criteria for class certification.  They claim that "tens of thousands of software workers" fall within the proposed class, but fail to recognize that Labor does not categorically exclude all software workers from TRA certification.  Consequently, apart from perfunctorily claiming that the proposed class satisfies the numerosity requirement, Plaintiffs offer no valid estimates of the number of individuals in the class.  Similarly, by throwing its net so wide as to include all software workers, Plaintiffs' proposed class encompass workers facing drastically varying questions of law and fact.  *See, e.g.*, *Notice of Determinations*

*Regarding Eligibility to Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance* in: *Ericsson, Inc., Messaging Group, Woodbury, N.Y.*, 68 Fed. Reg. 8619-01, 8621 (TA-W-50,446) (Dep't of Labor Feb. 24, 2003) (granting TRA certification to software workers who produced trade-impacted article); *Computer Sciences Corporation, at Dupont Corporation*, 67. Fed. Reg. 10,767-04 (TA-W-39,535) (Dep't of Labor Mar. 8, 2002) (same). That Labor has repeatedly certified certain groups of software workers for TRA demonstrates that Plaintiffs have not met their burdens under Rule 23(a)(2) or (b)(2).

Perhaps most fatally, Plaintiffs include among the named parties in the proposed class several individuals who did not exhaust their administrative remedies and so cannot invoke this Court's jurisdiction.[1] *See Former Employees of IBM Corp., Global Servs. Div. v. U.S. Sec'y of Labor*, 29 CIT __, __, 387 F. Supp. 2d 1346, 1349 (2005). Because the Court has no subject matter jurisdiction over these Plaintiffs' claims, the court may not entertain their claims by granting them class certification. *See NuFarm Am.'s, Inc. v. United States*, 29 CIT __, __, 398 F. Supp. 2d 1338, 1353 (2005); *cf. M.G. Maher & Co. v. United States*, 26 CIT 1040, 1041 (2002) (not reported in F. Supp.).

### III. Conclusion

Upon consideration of Plaintiffs' and Defendants' briefs and other filings, upon due deliberation, and for the reasons stated above, it is hereby ORDERED that Plaintiff's motion is DENIED.

Dated:    June 20, 2006                    /s/ Judith M. Barzilay
          _____    _____
          New York, NY                    Judith M. Barzilay, Judge

---

[1] These individuals include Barbara L. Pineau, Dick Young, and John F. Lake.